IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff-Respondent, | ) | Case Nos.  CV-06-503-E-BLW |
| | ) |                CR-05-014-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| TODD HAWORTH, | ) | **AND ORDER** |
| | ) | |
|     Defendant-Movant. | ) | |
| | ) | |

Pending before the Court are Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1), Motion for Leave to Proceed in Forma Pauperis (Docket No. 2), Motion to Appoint Counsel (Docket No. 3), and Motion to Grant Writ (Docket No. 10).[1]

Having reviewed the record, including the Government's Response, the Court enters the following Order denying the Motions.

### REVIEW OF 28 U.S.C. § 2255 MOTION

    **A.**    **Background and Summary of Issues**

---

[1] Unless otherwise noted, all further docket numbers will refer to the underlying criminal case, CR-05-14-E-BLW.

**Memorandum Decision and Order - 1**

Haworth was charged in a Superseding Indictment (Docket No. 50) with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and § 846, five counts of distribution and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and four counts of distribution of methamphetamine near a playground or school in violation of 21 U.S.C. §§ 841(a)(1) and 860. He subsequently pled guilty to the conspiracy count pursuant to a Plea Agreement (Docket No. 140) in return for dismissal of the remaining counts against him. More specifically, Haworth pled guilty to conspiracy to possess with intent to distribute fifty grams or more of actual methamphetamine between January 2003 and April 26, 2005. *Plea Agreement*, ¶ III. A. As part of the factual basis of the Plea Agreement, Haworth agreed that during the relevant time period he distributed "in excess of 150 grams of actual, or pure, methamphetamine." *Plea Agreement*, ¶ III. B.

Prior to sentencing, Haworth filed his Objections to Presentence Report (Docket No. 174) in which he contended that he delivered only 141 grams of methamphetamine,[2] that he did not have a firearm with him during any drug transactions, and that his criminal history was overstated. At sentencing, the Court

---

[2] Haworth did not specify the basis for the contention that he had delivered only 141 grams of methamphetamine.

**Memorandum Decision and Order - 2**

determined that Haworth was accountable for 150 grams of actual methamphetamine based on the stipulation in the Plea Agreement, overruled the objection to the firearm enhancement, departed downward based on what it found to be an overstated criminal history, and determined that the sentencing range was 262 to 327 months based on an offense level of 35 with a criminal history category of V. *Sent. Tr.* pp. 25 to 27 (Docket No. 239). The Court thereafter sentenced Haworth to a term of imprisonment of 276 months. *Judgment* (Docket No. 184). Haworth's subsequent appeal of his conviction and sentence was dismissed based on a valid appeal waiver. *USCA Memorandum* and *USCA Judgment* (Docket Nos. 258 and 259).

Haworth timely filed the pending § 2255 Motion alleging ineffective assistance of counsel based on defense counsel's letter stating that Haworth would receive a ten-year sentence if he pled guilty, ineffective assistance of counsel for failure to attend his presentence interview, and ineffective assistance of counsel for failure to inform the Court that the exact amount of methamphetamine attributable to him was 95 grams.

### B.    Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his

**Memorandum Decision and Order - 3**

or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  A motion filed pursuant to § 2255 must allege specific facts which, if true, would entitle an individual to relief.  *See United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir. 2003)* (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  If it does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record.  *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes

**Memorandum Decision and Order - 4**

following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the allegations are "palpably incredible or patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. See *Blackledge v. Allison,* 431 U.S. 63, 67 (1977); *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). On the other hand, where, assuming the truth of the specific factual allegations when viewed against the record, the movant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve any factual dispute before the Court can make a determination on the merits. See *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (citations omitted).

C.     Discussion

As stated above, Haworth's claims are all based on alleged ineffective assistance of counsel. The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. See *Strickland v. Washington,* 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. See *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

**Memorandum Decision and Order - 5**

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. This standard is "highly demanding." *Kimmelman v. Morrison,* 477 U.S. 365, 381-82 (1986).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). In evaluating an ineffective assistance of

**Memorandum Decision and Order - 6**

counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.*

### 1. Failure to Accurately Predict Sentence

Haworth attached to his § 2255 Motion a letter from defense counsel, written one month prior to the plea hearing, that essentially said that if Haworth pled guilty, his sentence would be approximately ten years, that he could receive approximately a two-year reduction if he cooperated with the Government, and that his sentence would be about 24 years if he went to trial. Haworth's allegations regarding this claim are totally lacking in specificity. He merely states that counsel told him he would get ten years and that he got 23 years. The Court will construe Haworth's allegations as a claim that his plea was involuntary by reason of ineffective assistance of counsel based on an inaccurate prediction of his sentence.

The *Strickland* two-part test discussed above is applicable to a case in which a defendant contends that his counsel was constitutionally inadequate during the guilty plea process. *Hill v. Lockhart*, 474 U.S. 54, 58 (1985) (addressing claim that plea was involuntary because counsel provided ineffective assistance of counsel when he misinformed defendant about his parole eligibility). To meet the

**Memorandum Decision and Order - 7**

prejudice prong in the guilty plea context, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. Part of the prejudice determination is the likelihood a more favorable outcome at trial. *Id.*

     At the change of plea hearing before U.S. Magistrate Larry Boyle, Haworth stated under oath that he understood the charge to which he intended to plead guilty, that he had gone over it with defense counsel, that he was pleading guilty to conspiracy to distribute over 150 grams of methamphetamine, and that he understood the maximum penalty for the charge was life imprisonment. *Plea Tr.* 8 (Docket No. 236). He agreed with the Government's recitation of the factual basis of the Plea Agreement that he distributed in excess of 150 grams of actual or pure methamphetamine. *Plea Tr.* 11. Haworth stated that he signed the Plea Agreement after communicating with and asking questions of counsel through the mail and by telephone. *Plea Tr.* 14-15. He further stated that he went over every provision of the Plea Agreement himself and with his attorney before signing it. *Plea Tr.* 15-16. He twice responded that no one had made a promise or prediction as to what his sentence would be. *Plea Tr.* 16.

     Regarding the application of the sentencing guidelines, Haworth stated that

**Memorandum Decision and Order - 8**

he understood that in determining a guideline range and sentence, the sentencing judge would consider a number of factors, including the seriousness of the offense, his prior criminal history, and all circumstances relating to his criminal conduct even if not charged by the Government. *Plea Tr.* 17-18.  He further stated that he understood that the Court could depart above or below the guidelines in certain circumstances, that the Court could grant a downward departure if he provided substantial assistance to the Government, and that the Court was not bound by any stipulations of counsel in the Plea Agreement. *Plea Tr.* 18; 21.  After a recess to allow Haworth to review the Plea Agreement again with counsel, he advised Judge Boyle that defense counsel had answered any questions that he had and that he was willing to abide by the Plea Agreement. *Plea Tr.* 19.  Finally, Haworth entered his plea of guilty after stating that he was pleading guilty understanding the consequences of doing so. *Plea Tr.* 22.

Statements made in open court at the time of a plea carry a strong presumption of verity and are entitled to great weight. *Chizen v. Hunter,* 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977); *see also U.S. v. Kazcynski,* 239 F.3d 1108, 1114-15 (9th Cir 2001) ("substantial weight" must be given to in-court statements).  The "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal,

**Memorandum Decision and Order - 9**

as are contentions that in the face of the record are wholly incredible." *Id.* (citations omitted).

A careful review of the record indicates that Haworth has not overcome the strong presumption of verity of his statements made in open court that no one made any promise or prediction regarding his sentence with his current conclusory claim that he entered his plea based on a prediction in a letter from counsel.[3]  In any event, an erroneous prediction by defense counsel as to the length of a sentence does not entitle a defendant to challenge his guilty plea.  See *United States v. Michlin,* 34 F.3d 896, 899 (9th Cir. 1994).

Even if counsel provided ineffective assistance of counsel in predicting the length of the sentence, Haworth has not sastisfied the *Strickland* prejudice prong. Any error by defense counsel was corrected by Judge Boyle at the plea hearing when he emphasized in an extensive plea colloquy that any prediction or promise regarding his sentence was not binding on the Court.  Furthermore, Haworth failed to allege that had counsel correctly predicted the length of his sentence, he would insisted on going to trial rather than pleading guilty.  See *Hill*, 474 U.S. at 60 (finding that defendant failed to satisfy the prejudice prong where he did not allege

---

[3] The Court notes that defense counsel's letter also states that "the judge can go up or down."

**Memorandum Decision and Order - 10**

in his petition that had counsel correctly informed him about his parole eligibility date, he would have gone to trial).  Finally, given the strength of the evidence against him, it is highly likely that Haworth would not have prevailed at trial resulting in the loss of the three-level adjustment for acceptance of responsibility. *See* *id.* at 58-59 (part of the prejudice determination is the likelihood of a more favorable outcome at trial).  Accordingly, this claim of ineffective assistance of counsel is subject to dismissal.

### 2. Failure to be Present at Presentence Interview

Haworth alleges that counsel disobeyed a direct order of the court to be present at his presentence interview and that counsel's absence resulted in application of role and firearm enhancements, exaggerated drug quantity, and a "misstatement" of prior convictions.[4]

Haworth states a claim for relief only if the Sixth Amendment right to counsel applies to the presentence interview.  It does not.  The right to counsel only applies to "critical stages" of the criminal proceedings.  *See United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003)*.  The presentence interview is not a critical stage given that the court can consider all relevant facts at sentencing whether or

---

[4] Judge Boyle did not order defense counsel to be present at the presentence interview.  Rather, he ordered Haworth himself to cooperate with and to be totally honest with the Probation Officer.  *Plea Tr.* 23.

**Memorandum Decision and Order - 11**

not admissible and that the presentence interview is essentially nonadversarial. *Id. at 1119* (citing *Bauman v. United States*, 692 F.2d 565, 578 (9th Cir. 1982) and *United States v. Benlian*, 63 F.3d 824, 827 (9th Cir. 1995)).

Even if the right to counsel did attach to the presentence interview stage of the proceedings, Haworth could not show prejudice. Because defense counsel was not present at the interview, the Probation Officer did not ask Haworth any questions pertaining to offense conduct. *PSR* ¶ 79. The firearm and role enhancements, drug quantity, and prior convictions were based on interviews with co-Defendants or investigative material from sources other than Haworth's statements during the interview. For instance, the firearm enhancement was based on the seizure of six firearms from Haworth's pickup truck that he admitted at sentencing were his. *PSR* ¶ 59; *Sent. Tr.* 9; 19-20. The drug quantity was determined from the amounts received by confidential informants from Haworth either directly or indirectly. *PSR* ¶¶ 40, 41, 67, 68, 69, and 70. Information regarding the prior convictions on which the criminal history was based was obtained from the Probation Officer's own investigation.[5] Furthermore, as stated above, defense counsel sought and obtained a reduction in the criminal history

---

[5] Haworth did not describe the alleged "misstatements" concerning the prior convictions.

**Memorandum Decision and Order - 12**

category after convincing the Court that the correctly computed criminal history category overstated the seriousness of the prior convictions. *Sent. Tr.* 27.

In sum, Haworth did not have a constitutional right to the presence of counsel at the presentence hearing. However, even if he did, Haworth would be unable to establish prejudice arising out of counsel's failure to attend the presentence interview. Accordingly, this claim is subject to dismissal.

### 3. Failure to Challenge Drug Quantity

Haworth alleges that defense counsel did not advise the Court that only 95 grams of methamphetamine were attributable to his conduct which would have resulted in sentencing at a level 26 or 120-month sentence.[6] Haworth offers no basis for the bare allegation that he was accountable for only 95 grams of methamphetamine despite his repeated admissions in the Plea Agreement and at the plea hearing that he was accountable for 150 grams of actual methamphetamine. *Plea Agreement*, ¶ III. B; *Plea Tr.* 8; 11; *Sent. Tr.* 5-6.

---

[6] The Court assumes that Haworth is referring to 95 grams of methamphetamine rather than 95 grams of actual methamphetamine because the latter would have yielded an offense level of 32. The guideline range for an offense level of 26 with a criminal history category of V is 110 to 137 months. However, with the 2-level firearm enhancement and the 2-level role in the offense enhancement resulting in an offense level of 30, with a criminal history category of V, the guideline range would have been 151 to 188. Therefore, even if the base offense level had been 26, Haworth's sentence would not have been ten years.

**Memorandum Decision and Order - 13**

Haworth's conclusory, non-specific allegations fail to state a claim of ineffective assistance of counsel. Accordingly, this claim is subject to dismissal.

### D. Conclusion

Haworth has failed to establish either that counsel was ineffective or that he was prejudiced by any action or inaction of counsel. It simply cannot be said based on Haworth's allegations that "counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87. Furthermore, the Court notes that Haworth had the opportunity to provide substantial assistance to the Government in return for a reduction in his sentence. *Plea Agreement* ¶ VI. C. Given his extensive role in the conspiracy, he was in a position to provide such assistance. However, Haworth preferred to just "do his own time" rather than testify against his co-Defendants. *Sent. Tr.* 22. After passing up the opportunity to significantly reduce his sentence, Haworth cannot now complain of the "draconian" sentence imposed by this Court.

**ORDER**

**Memorandum Decision and Order - 14**

IT IS HEREBY ORDERED THAT Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Docket No. 1), Motion for Leave to Proceed in Forma Pauperis (Docket No. 2), Motion to Appoint Counsel (Docket No. 3), and Motion to Grant Writ (Docket No. 10) are DENIED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-06-503-E-BLW is DISMISSED with prejudice.



DATED:  **March 13, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 15**